UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLON SIMS,<br>Petitioner,<br>v.<br>CALIPATRIA STATE PRISON, et al.,<br>Respondents. | NO. CV 10-715-DSF (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner's two claims of ineffective assistance of appellate counsel were presented in a state habeas petition to the California Supreme Court (Lodged Document ("LD") 7) and summarily denied (LD 8). A summary denial of a habeas petition before the California Supreme Court is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 131 S. Ct. 770, 785, 178 L. Ed. 2d

624 (2011). In one of the claims, Petitioner alleges his counsel was ineffective because he did not file a petition for review in the California Supreme Court on direct appeal. (Petition at 5.) Petitioner's counsel advised Petitioner that in his professional judgment there were no meritorious grounds on which to base a petition for review. (Dkt. No. 19, Ex. A at 1.) As the Report correctly found, Petitioner did not identify in the instant petition any grounds he believed counsel should have raised, and did not show a reasonable probability that, but for his counsel's errors, he would have prevailed on his appeal. (Report at 14.)

In his objections, Petitioner argues for the first time that his appellate counsel should have argued that the prosecutor committed misconduct during trial. (Objections at 2.) However, such a claim is unexhausted. In his state petition before the California Supreme Court, Petitioner did not identify any grounds, including prosecutorial misconduct, that his appellate counsel should have raised on appeal. (LD 7.)[1] Federal habeas relief is not available for unexhausted grounds. 28 U.S.C. § 2254(b)(1).

Petitioner's remaining objections have no merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: 5/18/12

Dale S. Fischer

DALE S. FISCHER
United States District Judge

---

[1] Petitioner also argues that the issues appellate counsel should have raised were "stronger" than other issues. (Objections at 2-3.) In *Knowles v. Mirzayance*, 556 U.S. 111, 121-22, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009), the United States Supreme Court specifically rejected the "nothing to lose" standard for evaluating ineffective assistance claims under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court of Appeals' finding that counsel was ineffective was "based, in large measure, on its application of an improper standard of review – it blamed counsel for abandoning the . . . claim because there was nothing to lose by pursuing it." *Mirzayance*, 556 U.S. at 121-22.